UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

PARIS HILTON & PARLUX FRAGRANCES, LLC,

    Plaintiffs,

    – against –

INTERNATIONAL PERFUME PALACE, INC., JOHN DOE DEFENDANTS 1-10

    Defendants.
----------------------------------X

ORDER
12-CV-5074 (JFB) (GRB)

JOSEPH F. BIANCO, District Judge:

On October 10, 2012, Paris Hilton & Parlux Fragrances, LLC ("plaintiffs") filed the complaint in this action against International Perfume Palace, Inc. ("IPP" or "defendant") and various unnamed John Doe defendants. After IPP failed to answer or otherwise move with respect to the complaint, plaintiffs requested a certificate default on November 16, 2012. On November 19, 2012, the Clerk of the Court noted the default of the defendant. By Order dated January 30, 2013, the Court directed IPP to respond in writing within 14 days as to why default judgment should not be entered. The Court warned IPP that a failure to respond would result in the entry of default judgment. IPP failed to respond to the January 30, 2013 Order, or to otherwise communicate with the Court. Accordingly, by Orders dated April 5, 2013, the Court granted plaintiffs' motion for default judgment against IPP and referred the matter to Magistrate Judge Brown for a Report and Recommendation on the issue of damages and other relief sought by plaintiffs.

On September 2, 2013, Magistrate Judge Brown issued a Report and Recommendation (the "R&R"), recommending that (1) plaintiffs be awarded $10,995.60 in monetary damages and

IPP's disgorged profits; (2) plaintiffs be awarded attorney's fees and costs in the amount of $53,768.52; (3) IPP and its officers, agents, servants, employers, representatives, and any other persons in concert or participation with defendant, be permanently enjoined from engaging in any activities which infringe on plaintiffs' rights, including infringing plaintiffs' design patents and offering for sale, selling, distributing, or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that IPP's merchandise in any way originates with, is sanctioned by, or is affiliated with the Paris Hilton brand; and (4) IPP turn over to plaintiffs for destruction, at IPP's expense, any Paris Paris product or other infringing merchandise in its possession, custody, or control. The R&R further instructed that any objections to the R&R be submitted within 14 days of service of the R&R. (*See* Report and Recommendation dated Sept. 2, 2013, at 23.) As indicated by the docket sheet, copies of the R&R were mailed to both parties on September 2, 2013. (*See* ECF No. 31.) No objections have been filed to date, although the date for filing any objections has expired.

      A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)

      Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Even under a *de novo* standard, the

Court adopts the R&R in its entirety.  Accordingly,

IT IS HEREBY ORDERED that a default judgment be entered against IPP in the amount of $64,764.12 (this figure being comprised of $10,995.60 in monetary damages and disgorged profits and $53,768.52 in attorney's fees and costs).

IT IS FURTHER ORDERED that  IPP and its officers, agents, servants, employers, representatives, and any other persons in concert or participation with defendant, are permanently enjoined from engaging in any activities which infringe on plaintiffs' rights, including infringing plaintiffs' design patents and offering for sale, selling, distributing, or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that IPP's merchandise in any way originates with, is sanctioned by, or is affiliated with the Paris Hilton brand.

IT IS FURTHER ORDERED that IPP turn over to plaintiffs for destruction, at IPP's expense, any Paris Paris product or other infringing merchandise in its possession, custody, or control.

The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     October \_\_\_\_, 2013
           Central Islip, New York